JUSTICE WHEAT
dissents.
¶55 The District Court correctly concluded that blasting is an abnormally dangerous activity, thus subjecting Archie Johnson Contracting (AJC) to strict liability. Strict liability arising from an abnormally dangerous activity, such as blasting, is confined to the damages that arise from the abnormal danger of the activity itself. Restatement (Second) of Torts §519 cmt. e (1977). One obvious danger associated with blasting is the chance that falling rock will cause injury to a person or property, which is exactly what happened here. ¶56 However, I believe the District Court erred when it allowed the assumption of the risk defense to go to the jury. To establish the assumption of the risk defense, the defendant must establish (1) that the injured party discovered the defect, or the defect was open and obvious; and (2) that the injured party unreasonably made use of the product (or condition). Section 27-1-719(5), MCA. This Court applied these standards to strict liability for an abnormally dangerous activity in Lutz v. National Crane Corp., 267 Mont. 368, 884 P.2d 455 (1994). As to the first element of §27-1-719(5), MCA, a defendant must prove *210 that the victim knew that serious injury or death would result, and knowing that, the victim voluntarily exposed himself to a known danger. Lutz, 267 Mont, at 378, 884 P.2d at 461. This Court further noted that in the context of strict liability, allowing the assumption of the risk defense to be submitted to the jury under any other set of facts would “only enlarge the concept of contributory negligence to consume the separate defense of assumption of the risk[.]” Lutz, 267 Mont, at 380, 884 P.2d at 462. As to the second element, this Court found that if a given use of equipment in a particular location is reasonably foreseeable, then the use is reasonable as a matter of law. Lutz, 267 Mont, at 379-80, 884 P.2d at 462.
¶57 Here, as in Lutz, the elements of §27-1-719(5), MCA, were not met. Regarding the first element, Pummill did not fully understand the danger posed by the overhang; he was not a geologist, he had no background in blasting, and he did not have the requisite experience to assess the danger of the overhang. As to the second element, AJC knew it was possible that the overhang might fall, and knew Pummill was operating an excavator under the overhang. Accordingly, Pummill’s operation of the excavator beneath the overhang was reasonable as a matter of law.
¶58 Based on these facts, I believe that the District Court would have found the assumption of the risk defense inapplicable had it applied this Court’s holding in Lutz. In this case, Patterson could not have assumed the risk that the excavator would be destroyed because (1) Pummill lacked the subjective knowledge of the danger the overhang posed, and (2) it was foreseeable to AJC that the overhang could collapse while Pummill was operating the excavator beneath it. For these reasons I believe that the District Court erred in allowing the assumption of the risk defense to go to the jury, and I would modify the judgment to reinstate the full verdict against AJC, less an offset for AJC’s breach of contract claim.